Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2185 | **DATE** | 9/10/2004 |
| **CASE TITLE** | Howard vs. McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the petitioner's motion for certificate of appealability is denied and the petitioner's alternative motion for reconsideration is granted. The Court's Order of 06/17/04, dismissing this action is hereby vacated. Case reinstated. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | CMP | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 SEP 13 AM 8:11 | date mailed notice | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE HOWARD, | ) |
| Petitioner, | ) |
| v. | ) No. 04 C 2185 |
| EUGENE McADORY, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge



This matter is before the court on Petitioner Lawrence Howard's ("Howard") motion for certificate of appealability and in the alternative a motion for reconsideration. For the reasons stated below, we grant the motion for reconsideration and deny the motion for certificate of appealability.

## BACKGROUND

Howard was convicted in Illinois state court on two counts of First Degree Murder and sentenced to forty-five (45) years imprisonment. Howard alleges that an Illinois Appellate court and the Supreme Court of Illinois affirmed the convictions.



Howard also claims that in collateral proceedings an Illinois trial court dismissed his claim and that the ruling was affirmed by an Illinois appellate court and the Supreme Court of Illinois. On March 24, 2004, Howard filed the instant Habeas petition. On June 17, 2004, we dismissed Howard's petition for failing to file his petition within the required time limit. Howard now asks us to vactae our prior ruling and seeks a certificate of appealability.

## LEGAL STANDARD

### I. Certificate of Appealability

If a court denies a petition for writ of *habeas* and the petitioner wishes to appeal, challenging the decisions made by the state trial courts, the petitioner must seek a certificate of appealability from the district court. 28 U.S.C. § 2253(c). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDonnell*, 529 U.S. 473, 484

(2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

II. Motion For Reconsideration

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Motions for reconsideration under Rule 59(e) are appropriate to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment."*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing*LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court...."*In re Prince,* 85 F.3d 314, 324 (7th Cir.1996).

If a party does not file the motion for reconsideration within ten business days "after entry of judgment[, it] automatically becomes a Rule 60(b) motion." *Talano v.*

*Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001)(quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)); *S.E.C. v. Van Waeyenberghe*, 284 F.3d 812, 814 (7th Cir. 2002)(indicating that 10 business days is the deadline); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)(holding that "motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)."); Fed R. Civ. P. 6(a). Federal Rule of Civil Procedure 60(b) provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P 60(b). A court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy. . . ."

4

*Talano,* 273 F.3d at 762(quoting *Provident Sav. Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir.1995)).

## DISCUSSION

We note that, although Howard entitled his motion "certificate of appealability," he is proceeding *pro se* and his filings are entitled to a liberal interpretation. Howard explains the delay for his habeas filing and states specifically in his current motion that he "prays that this Honorable Court will summarily reconsider his Habeas Corpus Petition in light of the above. . . ." (Mot. 2). Therefore, we shall deem his instant motion to be a motion for reconsideration. It appears from the documentation provided by Howard that he did not file the motion for reconsideration within ten business days of our prior ruling and thus our review should be conducted in accordance with Rule 60(b). However, we cannot be certain of the filing date, and the documents provided are unclear. For instance, the notary republic signed and dated Howard's motion, but the date is not legible. Regardless of the date of filing of the motion for reconsideration, Howard can prevail under Rule 59(e) or Rule 60(b).

Howard claims that he attempted to mail his petition prior to the one year deadline. According to Howard, he properly placed his petition in a legal envelope with an attached money voucher. Howard has supplied as an exhibit a photocopy of the voucher. Howard contends that the prison improperly rejected his first mailing on the basis of inadequate funds. If, as Howard claims, he properly obtained a stamped mail voucher signed by prison officials and the prison mistakenly rejected

5

his mail, thereby causing the significant delay in his filing, it would be the type of extraordinary circumstances that would warrant granting a motion for reconsideration under Rule 59(e) or Rule 60(b).

In making our current ruling we are not making a finding regarding whether or not the prison properly refused to mail Howard's petition due to insufficient funds and we are not ruling on whether or not Howard's filing was timely and not barred by the statute of limiations. Neither are we making any finding regarding the merits of Howard's habeas corpus petition. We are only finding that, based on the new evidence brought to light by Howard, it would not be appropriate to dismiss the action *sua sponte*. Therefore, we grant the motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we grant Howard's motion for reconsideration and vacate our dismissal order of June 17, 2004, dismissing this action. We deny Howard's motion for a certificate of appealability as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 10, 2004