## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>**LAWRENCE HOWARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 04 C 2185** |
| | ) | |
| **ALAN UCHTMAN, Warden,**<br>**Menard Correctional Center,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Lawrence Howard's ("Howard")

petition for writ of *habeas corpus*. For the reasons stated below, we deny Howard's

petition for writ of *habeas corpus* in its entirety.

## BACKGROUND

On May 15, 1998, following a jury trial in the Circuit Court of Cook County,

Illinois ("trial court"), Howard was found guilty of first degree murder for the

shooting death of Tyrice Bryant ("Bryant") and subsequently sentenced to 45 years

1

imprisonment.  Howard filed an appeal and the Appellate Court of Illinois ("Appellate Court") affirmed the judgment of the trial court and denied Howard's request for a rehearing on the matter.  Howard then filed a petition for leave to appeal ("PLA") with the Supreme Court of Illinois, which was denied on February 5, 2003.  During Howard's direct appeal proceedings, Howard also filed a petition for post-conviction relief in the trial court, which was later dismissed.  Howard appealed the trial court's dismissal and the Appellate Court affirmed the judgment of the trial court.  Howard then filed a PLA with the Supreme Court of Illinois, which was denied on February 5, 2003.

Howard filed the instant petition for writ of *habeas corpus* alleging that his rights to due process were violated because: 1) the trial court made certain evidentiary rulings, 2) the prosecution engaged in misconduct, and 3) the Appellate Court issued an order in conflict with prior decisions in another case.  (Pet. 5-13).

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Pursuant to 28 U.S.C. § 2254, a *habeas corpus* petition shall not be granted:

> on behalf of a person in custody pursuant to the judgment of a State Court. . .
> unless the adjudication of the claim. . . (1) resulted in a decision that was

2

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)(2). A decision by a state court is deemed to be "'contrary to' [the United States Supreme Court's] clearly established precedents if it 'applies a rule that contradicts the governing law set forth in [its] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from our precedent.'" *Early v. Packer,* 537 U.S. 3, 8 (2002). Further, a state court need not cite to United States Supreme Court cases in its decision, "so long as neither the reasoning nor the result of the" state court's decision contradicts such precedent. *Id.* at 8.

## DISCUSSION

I. Evidentiary Rulings

Howard argues, in his petition for writ of *habeas corpus,* that the trial court erred in certain evidentiary rulings related to his trial. Howard first contends that the trial court should not have allowed the prosecution to call Bryant's mother, Diane Henderson ("Henderson"), to testify at trial. (Pet. 5, 7-8) In addition, Howard claims that the trial court should not have admitted a previous statement made by Howard's uncle, Matthew Howard ("M. Howard") that the prosecution introduced at trial.

3

(Pet. 5, 9-10).

## A. Henderson's Testimony

Howard argues that his due process rights were violated when the trial court allowed the prosecution to call Henderson as a witness at trial. Howard argues that Henderson's "false" testimony amounted to "perjury" and that without such testimony Howard would only have been convicted of involuntary manslaughter. According to the record on appeal, Henderson testified at trial about previous threats Howard made over the phone. (Resp't Ex. A 16-20). On direct appeal, the Appellate Court considered Howard's claim of perjury relating to Henderson's testimony and stated the following:

> After reviewing the defendant's contention in light of the record, we conclude that defendant has failed to carry his burden of proving that the State knowingly used perjured testimony. . . [and] [i]n the instant case, defendant presented no testimonial evidence to substantiate his speculation that Henderson testified falsely regarding the phone-threats. Defendant has failed to demonstrate by clear, convincing and satisfactory evidence that Henderson's testimony was willfully and purposefully falsely given. Accordingly, we find that the State did not knowingly present perjured testimony.

(Resp't Ex. A 18-21). Although the Appellate Court did not cite any United States Supreme Court cases in its decision, its analysis and decision did not contradict the precedent on this issue as set forth in *United States v. Agars*, 427 U.S. 97, 103 (1976). *See Martin v. Evans*, 384 F.3d 848, 855 (7th Cir. 2004)(stating that under *Agars*, in order to successfully argue that a new trial is warranted based upon

4

perjured testimony, a petitioner must establish that: "1) the State presented perjured testimony; 2) the State knew or should have known of the perjury; and 3) there is some likelihood that the testimony could have affected the verdict."). Accordingly, based upon the failure on the part of Howard to even establish that Henderson's testimony was perjured, we find that the decision of the Appellate Court affirming the trial court's decision to allow such testimony was not "unreasonable" or contrary to "clearly established federal law." 28 U.S.C. § 2254(d)(1)(2).

## B. M. Howard's Statement

Howard alleges that the trial court erred in admitting a prior inconsistent written statement ("Statement") made by M. Howard after M. Howard had been interrogated by the police. Howard claims that M. Howard's Statement, which placed Howard at the crime scene with a gun, was inconsistent and involuntary since it differed from earlier statements M. Howard allegedly made to the police before he was formally interrogated. Howard argues that since M. Howard's Statement was the product of police coercion, the district court violated Howard's due process rights by not initially considering the voluntariness of the Statement before admitting it under 725 ILCS 5/115-10.1 ("Section 155-10.1"), entitled "Admissibility of Prior Inconsistent Statements." 725 ILCS 5/115-10.1 (Pet. 5, 9-10; Reply 7-10.)

The Appellate Court, on direct appeal, stated that one of the requirements that allow a prior inconsistent statement to be admitted under Section 155-10.1 is that the

5

witness giving the statement be "subject to cross-examination about the inconsistent statement." (Resp't Ex. A. 23). The Appellate Court noted that M. Howard testified as a witness and was cross-examined at Howard's trial about the Statement. (Resp't Ex. A. 12-14). The Appellate Court found that "[t]he trial court did not abuse its discretion when it determined that Matthew Howard's prior inconsistent statement was admissible under" Section 155-10.1. (Resp't Ex. A 24). Although the Appellate Court did not cite any United States Supreme Court cases in its decision, its analysis and decision are not inconsistent with the precedent on this issue as set forth in *California v. Green,* 399 U.S. 149 (1970). *See Johnson v. Bett,* 349 F.3d 1030, 1037 (7th Cir. 2003)(stating that under *Green,* "[e]ven when presumptively unreliable hearsay is admitted as substantive evidence," a petitioner's due process rights are not violated if the declarant who made the hearsay statement "testifies as a witness and is subject to cross-examination" at trial.). Accordingly, even if M. Howard's Statement was unreliable, as Howard suggests, the admission of any part of M. Howard's Statement at trial did not violate Howard's rights under the due process clause as set forth in *Green* since M. Howard testified and was subject to cross-examination. *Bett,* 349 F.3d at 1037. Therefore, we find that the decision of the Appellate Court finding that the trial court did not err in admitting M. Howard's Statement, was not "unreasonable" or contrary to "clearly established federal law." 28 U.S.C. § 2254(d)(1)(2).

6

## II. Prosecutorial Misconduct

Howard argues in his petition for writ of *habeas corpus* that certain conduct on the part of the prosecution violated his due process rights. Howard argues that the prosecution's conduct was improper during closing arguments when the prosecution: 1) misstated that Howard's indictment could be considered as evidence of guilt; 2) made a reference that Howard's arrest warrant was outstanding for over eight months; 3) likened Howard to "John Wayne Gacy"; and 4) claimed that Howard's defense was a "charade." (Pet. 6, 12). Howard also alleges that the prosecution used perjury and other "tactics" and that absent such conduct, Howard would only have been convicted of involuntary manslaughter. (Pet. 6, 11).

### A. Misstatements Concerning The Indictment

The only prosecutorial misconduct claim that was sufficiently presented in "one complete round of the State's established appellate review process" is Howard's claim that the prosecution misstated to the jury that Howard's indictment could be considered as evidence of guilt. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (Resp't Ex.'s F). In regards to Howard's argument that the prosecution misstated that Howard's indictment could be considered as evidence of guilt, the Appellate Court stated the following:

> [T]he record shows that the trial court gave jurors proper instruction on the applicable law, they were informed that opening and closing arguments are not evidence and the indictment was not evidence against defendant . . .[and] [f]urthermore, the record shows that the trial court sustained one of the

7

objections made by defense counsel regarding the prosecutor's comment pertaining to the charges in the indictment, which cured any prejudice the comment might otherwise have engendered. Therefore, we find no error in the prosecutor's reference to the charges in the indictment.

(Resp't Ex. A 39-40.) Although the Appellate Court did not cite any United States Supreme Court cases in its decision, its analysis and decision is not inconsistent with the precedent on this issue as set forth in *U.S. v. Bowman*, 353 F.3d 546, 550 (7th Cir. 2003)(stating that in reviewing a claim of prosecutorial misconduct a court must initially decide whether the statements themselves were "improper" and "then evaluate the statements in the context of the entire record" and decide if the petitioner "was deprived of a fair trial."). Based on a review of the record, which reflects that Howard was not deprived of a fair trial as a result of prosecution's statements relating to the indictment, we find that the decision of the Appellate Court in this regard was not "unreasonable" or contrary to "clearly established federal law." 28 U.S.C. § 2254(d)(1)(2).

### B. Procedural Default

Failure by a petitioner to present a claim in a PLA to the Supreme Court of Illinois on direct or collateral appeal will result in a procedural default of that claim if it is later raised in a petition for writ of *habeas corpus. Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001); *White v. Godinez* 192 F.3d 607, 608 (7th Cir. 1999). In *Verdin v O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992), the Seventh Circuit

adopted a "fair presentment" test and stated that:

> [i]f the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a patter of facts that is well within the mainstream of constitutional litigation, the [the] court will not consider the state courts to have had a fair opportunity to consider the claim.

*See id.* (noting that "the presence of any one of these factors, particularly factors (1) or (2), does not automatically avoid waiver. . .[and] the court must consider the specific facts of each case.). Where a petitioner procedurally defaults a claim for failing to present that claim to the state courts, a federal court can still review that claim if the petitioner "shows cause for failure to raise [that claim] at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice' . . . ." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

We have reviewed the record and considered the above mentioned factors and note that, except for Howard's claim that the prosecution misstated that Howard's indictment could be considered as evidence of guilt, Howard's other claims of prosecutorial misconduct were never raised in a PLA to the Supreme Court of Illinois. (Pet. 6, 11-12; Resp't Ex.'s F,M). Accordingly, we find that Howard has failed to afford the Supreme Court of Illinois an opportunity to "adjudicate squarely" the claims of prosecutorial misconduct that Howard seeks to now raise in his petition

for writ of *habeas corpus*. Howard has not shown adequate cause for his failure to present such claims in a PLA to the Supreme Court of Illinois, nor is there any indication that refusal by this court to review such claims would result in a fundamental miscarriage of justice, given the amount of evidence presented against Howard at trial. *Scillia*, 193 F.3d at 917. Therefore, we find that Howard's claims of prosecutorial misconduct which were not previously presented to the Supreme Court of Illinois are procedurally defaulted. Since neither exception to procedural default is applicable, procedural default bars *habeas* review of such claims.

### C. Henderson's Testimony and M. Howard's Statement

Within Howard's procedurally defaulted claim alleging that the prosecution used perjury and other "tactics", Howard makes reference to the admission of Henderson's testimony and M. Howard's Statement as prosecutorial misconduct claims. (Pet. 6, 11). To the extent that these claims are not already procedurally defaulted, we find for the same reasons stated in our earlier discussion above, that Howard's due process rights were not violated by the admission of the prosecution's evidence relating to Henderson's testimony and M. Howard's Statement.

### III. Due Process Claim

Howard also argues that an order of the Appellate Court violated his due process rights because it was in conflict with prior decisions of the Appellate Court in another case. (Pet. 13). Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 2(c)"), a petitioner must

"[s]tate the facts supporting each ground" in his petition for writ of *habeas corpus*. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. In Howard's instant claim, Howard has failed to adequately identify the Appellate Court order in his case that he is referring to or how such an order violated his due process rights. Further, Howard has failed to allege how any prior decisions by the Appellate Court were relevant to his proceedings in the Illinois courts or in what manner such decisions were in conflict. Accordingly, Howard has failed to sufficiently state the "facts supporting" this claim as is required under Rule 2(c). Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Further, since Howard's instant claim fails to allege a "violation of the Constitution or laws or treaties of the United States," in that it merely alleges that two unidentified Appellate Court decisions were in conflict, we find that Howard's instant claim is not cognizable and thus barred from federal *habeas* review. 28 U.S.C. 2254(a).

## CONCLUSION

Based on the foregoing analysis, we deny Howard's petition for writ of *habeas corpus* in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   May 19, 2005

11